PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  4:14-CR-164 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| NICKIE THOMAS GRAY, JR., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | [Regarding ECF Nos. 96, 103] |

Pending is Defendant Nickie Thomas Gray, Jr.'s Motion to Dismiss the Indictment, filed

*pro se*.  ECF No. 96.  The Government has filed a response in opposition.  ECF No. 98.

Defendant has replied.  ECF No. 99.  Defendant's motion is denied.

**I. Background**

On May 6, 2014, Defendant[1] was charged, by indictment, with one count of knowingly

receiving and distributing, via interstate commerce, visual depictions of minors engaging in

sexually explicit conduct under 18 U.S.C. § 2252(a)(2), and one count of knowingly possessing

material containing images of child pornography, received through interstate commerce, under 18

U.S.C. § 2252A(a)(5)(B).  After a jury trial, Defendant was found guilty on both counts.  The

Court sentenced Defendant to a 240-month prison term on February 12, 2015.  ECF No. 55.

On February 5, 2016, the Sixth Circuit affirmed Defendant's conviction and sentencing

on direct appeal.  ECF No. 66.  Defendant subsequently filed a motion to vacate and set aside

---

[1] According to the Bureau of Prisons Inmate Locator (bop.gov/inmateloc, (last accessed May 7, 2020)) Defendant is currently incarcerated at FCI Hazelton in West Virginia.

(4:14CR164)

judgment under 28 U.S.C. § 2255 on the basis that he was denied effective assistance of counsel.

ECF No. 67.  On December 22, 2017, the Court denied Defendant's motion to vacate, set aside,

or correct sentence.  ECF No. 85.  Defendant filed an application for a certificate of appealability

with regard to the Court's denial of his motion to vacate, set aside, or correct sentence under 28

U.S.C. § 2255.  ECF No. 87.  On August 8, 2018, the Sixth Circuit denied Defendant's

application for a certificate of appealability.  ECF No. 89.  On December 31, 2019, the Sixth

Circuit denied Defendant's motion for an authorization to file a second or successive motion to

vacate.  ECF No. 95.

Defendant has filed the pending motion (ECF No. 96), seeking to dismiss the Indictment

(ECF No. 12) in light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191

(2019).

## II. Legal Standard

A charging document must include the "essential facts constituting the offense

charged[.]"  Fed. R. Crim. P. 7(c)(1).  A charging document that tracks the words of the statute

violated "is generally sufficient" to allege the elements of an offense, "as long as those words of

themselves fully, directly, and expressly. . . set forth all the elements necessary to constitute the

offense intended to be punished."  *United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007).

Whether a criminal statute, that is silent as to mens rea, requires the Government to prove

that the defendant acted knowingly is a question of Congressional intent.  *Rehaif*, 139 S. Ct. at

2195.  To determine Congress' intent, courts begin with the "longstanding presumption, traceable

(4:14CR164)

to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Id*.

### III. Discussion

Count 2 of the Indictment, which Defendant challenges in the instant motion, charged a violation under 18 U.S.C. § 2252A(a)(5)(B).  Count 2 states that "at least one image [of child pornography] involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age."  ECF No. 12 at PageID #: 68.

Defendant argues that Count 2 of the Indictment is deficient because it failed to charge "the requisite knowledge," requiring the Government to prove Defendant knew an image in his possession was that of a prepubescent minor who was under 12 years of age.  ECF No. 96 at PageID #: 1856-57.  Defendant relies on the Supreme Court's decision in *Rehaif v. United States*, alleging that in light of the absence of a scienter requirement in related section 2252A(b)(2) the Court is required to dismiss the Indictment for failure to state an offense.  ECF No. 96 at PageID #: 1858.  The Government argues *Rehaif* is inapplicable to this case because the Supreme Court's decision turned on the statutory construction of 18 U.S.C. § 922(g), the federal firearms statute.  ECF No. 98 at PageID #: 1889.  The Government also argues that the underlying policy concerns at issue in *Rehaif* are different from this case, further making *Rehaif* inapplicable.  *Id*. at PageID #: 1892.

#### A.  *Rehaif*

In *Rehaif*, the Supreme Court clarified that in order to obtain a conviction under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a

3

(4:14CR164)

firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2199 (emphasis added).

The defendant in *Rehaif* was charged with violating 18 U.S.C. § 922(g), which bars certain classes of persons, including aliens who are "illegally or unlawfully in the United States," from possessing firearms. *Id*. at 2194. A separate provision of Title 18 provides that anyone who "knowingly violates" § 922(g) is subject to fine or imprisonment for up to 10 years. 18 U.S.C. § 924(a)(2). Read together, sections 922(g) and 924(a)(4) explicitly provided that only a "knowing" violation of § 922(g) would constitute a criminal act. Before *Rehaif* was decided, it was undisputed that the Government must prove that the defendant knew he possessed a firearm. *Rehaif*, 139 S. Ct. at 2199.

The Supreme Court found that applying an express scienter requirement–knowledge–to defendant's status was consistent with the statutory construction of sections 922(g) and 924(a)(2). The Supreme Court reasoned that defendant's status was the "crucial element" making his conduct unlawful. *Rehaif*, 139 S. Ct. at 2197.[2] "Without knowledge of that status, a defendant may well lack the intent needed to make his behavior wrongful." *Id.* In light of the Supreme Court's ruling in *Rehaif,* the Government must now prove a defendant's awareness of his status which made owning a firearm illegal.

---

[2] But for defendant's status, the possession of a firearm could have been "entirely innocent." *Id.*

4

(4:14CR164)

**B. *Rehaif* is inapplicable to this case**

Defendant avers that under *Rehaif*, the Indictment underlying his criminal case was invalid because it did not make reference to a "knowledge requirement" with regard to the age of the minor child depicted in the child pornography images.  ECF No. 96 at PageID #: 1857.

The Court finds *Rehaif* distinguishable from this case.  With regard to § 922(g), Congress left open the question of what mental state to apply.  *See Rehaif*, 139 S.Ct. at 2195.  The mens rea requirement in § 2252A(a)(5)(B), however, is not left open.  The text states a person is subject to criminal prosecution when he or she:

> (B) *knowingly possesses, or knowingly accesses* with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B).

It is clear from the face of the statute that § 2252A unambiguously employs a scienter requirement,[3] mandating punishment of anyone who "knowingly" possesses or accesses child pornography.  Defendant goes further, however, interpreting *Rehaif* as requiring a scienter requirement to apply to every aspect of § 2252A, including § 2252A(b)(2), which states:

> (2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent

---

[3] In structuring the mens rea requirement, Congress placed "knowingly" obviously before the verbs "possesses" and "accesses."

5

(4:14CR164)

> minor or a minor who had not attained 12 years of age, such person shall be fined
> under this title and imprisoned for not more than 20 years[.]

18 U.S.C. § 2252A(b)(2).

The Court does not share Defendant's interpretation of the child pornography statute.

Section 2252A(b)(2) contains no mens rea language nor does it leave room for interpretation.

This section of the statute merely describes what the criminal sanction will be for an individual

who violates § 2252A(a)(5) upon a determination that the child pornography in question depicted

a prepubescent minor.

The Supreme Court in *Rehaif* was careful to distinguish between the federal firearms

statute, in which the defendant's status was the "crucial element" separating innocent from

wrongful conduct with other offenses including "facilitating child pornography" which "would

be wrongful" in and of themselves.  *Rehaif*, 139 S. Ct. at 2197.  While § 922(g) necessitates the

application of a knowledge requirement to a defendant's status–due to the fact that the prohibited

status is what makes the conduct criminal–the conduct underlying the Indictment in this case is

of the type which is unlawful in and of itself.[4]  Thus, the Court does not find that *Rehaif* applies

to § 2252A and will not read a scienter requirement into § 2252A(b)(2) where one does not exist.

The Court's decision is in keeping with other Supreme Court precedent on the issue.  The

Supreme Court made clear in *United States v. X-Citement Video, Inc.* that when a defendant is

charged under the child pornography statute, the government must prove defendant knew the

---

[4] It is unlawful to access child pornography even if the minor has attained 12 years
of age.  *See* 18 U.S.C. § 2256 ("[M]inor means any person under the age of eighteen
years[.]").

(4:14CR164)

image was of a minor, not that defendant knew the specific age of the minor.  *See* 513 U.S. 64, 68 (1994) (describing knowledge requirement under § 2252 as "know[ing] that one of the performers was a minor" and " 'knowing[ ]' . . . the minority of the performers").  Federal courts have consistently interpreted *X-Citement Video* to require knowledge only that the visual depiction involved a minor.  *See*, *e.g.*, *United States v. Szymanski*, 631 F.3d 794, 799 (6th Cir. 2011) (concluding that defendant "must have known, not just that he was receiving something, but that what he was receiving was child pornography"); *United States v. Haymond*, 672 F.3d 948, 957 (10th Cir. 2012) ("[T]o convict [the defendant], the government was required to prove he knew that the specific images he was convicted of possessing depicted minors engaged in sexually explicit conduct."); *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) ("The Supreme Court has held that . . . § 2252 [ ] includes a scienter requirement, and therefore encompasses only situations in which the defendant knows that the material he is receiving depicts minors engaged in sexually explicit conduct."); *United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000) (interpreting *X-Citement Video* to extend "knowledge requirement to . . . the sexually explicit nature of the materials as well as to the involvement of minors in the materials' production").

Accordingly, the Court finds that the Supreme Court's ruling in *Rehaif* is inapplicable to this case and not a basis for relief.  The Indictment (ECF No. 12) is valid.

### IV.  Conclusion

For the forgoing reasons, Defendant's Motion to Dismiss the Indictment (ECF No. 96) is denied.  Because Defendant's argument is without merit, Defendant's Motion to Supplement

(4:14CR164)

Authority (ECF No. 103) is also denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


     IT IS SO ORDERED.


| _May 8, 2020_ | _/s/ Benita Y. Pearson_ |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

8